**Affirmed; Opinion Filed October 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01470-CR

### CHRISTINE KAY WHITE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 062724**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Stoddart

A jury convicted Christine Kay White of aggravated robbery and the trial court assessed punishment at 20 years' confinement. In three issues, she argues she suffered ineffective assistance of counsel at trial because her counsel failed to introduce exculpatory evidence; the trial court abused its discretion by denying admission of audio-taped statements; and the trial court abused its discretion by not giving her sufficient funds to retain an expert witness as part of her defense. We affirm the trial court's judgment.

In her first issue, White argues her trial counsel was ineffective because he did not introduce evidence that she believes was exculpatory. There was testimony at trial that White robbed a woman in a parking lot while carrying a knife. White testified in her defense and admitted to robbing a woman in the parking lot. White also testified that the only thing she had in her hands were her car keys. She stated she never had a knife in her hand.

On appeal, White argues that her counsel failed to offer a key to a Dodge Durango vehicle. White asserts that if her counsel had shown the car key to one of the witnesses who testified, the witness may have realized she had mistaken the car key for a knife.

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Our review of counsel's performance is highly deferential and we assume counsel's conduct fell within the wide range of reasonable professional assistance. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). An ineffective assistance claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Generally, a silent record providing no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander*, 101 S.W.3d at 110–11.

White did not file a motion for new trial or otherwise develop a record showing why her counsel did not attempt to introduce the car key. *See Goodspeed*, 187 S.W.3d at 392. The record includes no evidence to overcome the presumption that counsel provided reasonable assistance. *See id.*; *Rylander*, 101 S.W.3d at 110–11. Moreover, trial counsel's decision not to introduce a car key was not "so outrageous that no competent attorney would have engaged in" that action. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In light of this record, we conclude White has not demonstrated that her trial counsel's performance was deficient or that the outcome of her trial would have been different but for her counsel's actions. We overrule White's first issue.

In her second issue, White argues the trial court erred by refusing White's request to admit portions of audio tapes of two witnesses' statements. White asserts that the excluded statements were inconsistent with the witnesses' testimony at trial. Because the audio tapes were prior inconsistent statements of the witnesses, White argues, the trial court erred by excluding them.

White's counsel attempted to admit the prior statements on two occasions, and the trial court denied both requests. The first time, White's counsel argued that the statements were not hearsay or, alternatively, they fell within the excited utterance exception to the hearsay rule. The second time White's counsel sought to admit the evidence, he argued it fell within the present sense impression or excited utterance exception to the hearsay rule.

To preserve an issue for appellate review, rule 33.1 of the rules of appellate procedure requires the appellant to have made "a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Arguments on appeal must comport with the arguments made at trial and must bring to the trial court's attention the very complaint that is made on appeal. *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). "[I]t is not enough to tell the judge that evidence is admissible. The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible." *Id*. White may not, for the first time on appeal, urge error not raised at trial. The explanation given at trial for admissibility must match the one urged on appeal. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (under rule of appellate procedure 33.1, issue is whether complaining party on appeal brought to trial court's attention the very complaint that party is making on appeal).

White did not inform the trial court that she believed the statements were admissible for purposes of impeachment. Rather, she argued that the prior statements were not hearsay or were admissible because they were excited utterances or present sense impressions. Because the trial court never had the opportunity to rule upon whether the statements were admissible for purposes of impeachment and because White's argument on appeal does not comport with her argument in the trial court, we conclude she has not preserved the issue for appellate review. We overrule White's second issue.

In her third issue, White asserts the trial court abused its discretion by not authorizing sufficient funds to pay a psychologist. Before trial, White's counsel filed a motion for appointment of an expert, which the trial court granted. In its order, the trial court ordered that the expert, Charles Keenan, Ph.D., was to be paid up to $1,000. The record does not indicate that White's counsel ever requested additional funds to pay Keenan.

In a hearing outside of the presence of the jury, Keenan and defense counsel had the following exchange:

> Q. Okay. Now, let me ask you. When I first asked if you could do this, did you quote me a fee on how much it would cost for you to be able to do it?
> A. Yes, I did.
> Q. How much was it?
> A. I said it would take at least $1,500 for me to be available in this case.
> Q. Was I able to get you $1,500?
> A. No, sir.
> Q. How much was I able to get you?
> A. A thousand dollars, sir.

After this exchange, White's counsel did not request additional funds from the trial court.

White failed to raise her argument that she needed additional funds to the trial court. Although the expert testified he thought "it would take at least $1,500" to work on the case, there is no evidence that White filed a motion or otherwise requested more than the $1,000 initially

–4–

allotted. Because she failed to bring this argument to the trial court's attention, she has not preserved it for appeal. *See* TEX. R. APP. P. 33.1(a). We overrule White's third issue.

We affirm the trial court's judgment.


/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131470F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTINE KAY WHITE, Appellant

No. 05-13-01470-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 062724.
Opinion delivered by Justice Stoddart.
Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of October, 2014.